FILED
2017 Apr-28 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SAMUEL T. JOHNSON, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) 7:16-cv-01342-AKK-SGC |
| OFFICER NELSON, *et al.*, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Samuel T. Johnson, a prisoner at the Bibb County Correctional facility, filed this action pursuant to 42 U.S.C. § 1983, alleging that Warden Willie Thomas, Captain John Hutton, and Officer Anthony Nelson violated his Eighth Amendment rights when Officer Nelson purportedly slammed Johnson's fingers in a door, and Warden Thomas and Captain Hutton subsequently failed to investigate the incident or enable Johnson to meet with "PREA" [*i.e.*, Prison Rape Elimination Act] resource personnel. Doc. 1. Johnson, who is still incarcerated, seeks $150,000 in punitive damages for "mental stress." *Id.* at 4. Defendants filed a special report, doc. 7, which the magistrate judge construed as a motion for summary judgment, *see* docs. 8, 9. The magistrate judge ordered Johnson on November 17, 2016 to file his response, if any, within 21 days. Doc. 8 at 1. Johnson did not file a response.

1

Defendants seek summary judgment, in part, based on the Prison Litigation Reform Act, which provides, in pertinent part, that "no Federal Civil Action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 249 F.3d 1309, 1312–13 (11th Cir. 2002).

Here, Johnson acknowledged that his fingers and hand were not "broken," *see* doc. 7-1 at 3, and the prison health care unit's Inmate Body Chart Documentation Form indicates that Johnson suffered "(R) fingers pointer and middle edema [*i.e.*, inflammation]," *id.* at 4. Johnson does not allege that he has suffered any lasting physical injury as a result of the incident. Thus, it appears Johnson suffered only a *de minimis* injury and is due no relief.[1] *Compare Cunningham v. Culliver*, No. Civ. A. 10-00114-CG-M, 2011 U.S. Dist. LEXIS 145552, at *10 (S.D. Ala. Nov. 14, 2011) (tissue swelling and wrist pain from

---

[1] To the extent Johnson raises Eighth Amendment claims based on Captain Hutton or Warden Thomas's purported failure to investigate the incident, there is no evidence that Johnson requested an internal investigation by Warden Thomas, and Captain Hutton contends that he informed Johnson how to request an investigation. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence."). Finally, the Prison Rape Elimination Act is not relevant to Johnson's allegations.

handcuffing were "minor injur[ies]" that did "not support a finding that Plaintiff was subjected to anything other than *de minimis* force").

For these reasons, defendants' motion for summary judgment, doc. 9, is due to be granted, and Johnson's claims dismissed. The court will enter a separate order in accordance with this Memorandum Opinion.

**DONE** the 27th day of April, 2017.

                                        **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE